We appeal presents the question of whether a stipulation of dismissal under Rule 41 can function as a Rule 54 judgment for purposes of an attorney fee motion. Alternatively, the District Court found that such a holding was precluded by the Supreme Court in Microsoft v. Baker, and appellant believes that that conclusion was in error. I'd like to focus on three points, three reasons why we believe the District Court erred. First, that a ruling in appellant's favor here, namely that a stipulation of dismissal is a Rule 54 judgment, would not be inconsistent with Microsoft v. Baker. Secondly, that a ruling in appellant's favor would not be inconsistent with the law on prevailing party determination, specifically the catalyst theory that the Supreme Court rejected in Buchanan v. Board. And third, that a ruling against appellant upholding the District Court would create inconsistencies and competing incentives with state law, as well as a circuit split. Can I ask you a question? It certainly is about 54D, and maybe is a kind of threshold to your contention that a Rule 51, A1, A2 stipulated dismissal without a judicial order is a judgment. What do you make, if anything, of a contention that Rule 54D is merely a timing rule, that it doesn't actually require there to be a judgment for the filing of an attorney's request? It simply says, if there's a judgment, then you have 14 days to seek fees. An idea perhaps supported by the reference in the advisory committee notes to the permissibility and the committee's intent to not disturb the practice of filing fees motions before there is a judgment. Yes, Your Honor, I agree with you. Certainly, it's the case that such a motion can be filed before a judgment. I think the plaintiff in this case, the appellee, has argued that the stipulated dismissal is too final, in a sense, and thus the Court of Jurisdiction, I think the court, the district court, disagreed with that. So I think the contention here is that a stipulated dismissal is a sufficient judgment, but if it's not a sufficient judgment, then I agree with you that there would be no bar to filing such a motion anyway. How would you satisfy the rules requirement that you'd have to name the judgment in the motion? Well, a judgment is defined as, I guess that's the question, Your Honor, is what is a judgment? That's precisely the question. A judgment is a judgment, but a stipulated dismissal is a judgment, and so... Well, you have in your favor, the Tenth Circuit has a rule that it is. Correct. In the Act of the Redemption. That's correct. And you have a solid precedent in your favor, but the rule defines a judgment as judgment includes a decree, so that picks up all the old equity notions, or an appealable order, right? But it uses the words includes. That's correct, Your Honor. I don't see anything in Rule 54 that excludes a stipulation of dismissal from the definition of judgment, and I believe that's what the Tenth Circuit determined. And it would be a judgment because it decides something? That's correct. A stipulated dismissal, certainly with prejudice... If you look at definition of judgment in Black's Law Dictionary and legal dictionaries, it talks about something a judge does, right? But with a stip dismissal with prejudice, the judge doesn't do anything. You're correct, Your Honor, and our position is that a stipulated dismissal serves as a judgment because of its preclusive effects on the plaintiff. Getting back to my... If we agree with you on that... Yes. The stip dismissal with prejudice is sufficient as a judgment. Do we... Can't we elide the question of whether it's required? And say, assuming for purposes of argument it is required, there is one. You know, I sit by designation in the Eleventh Circuit every year, and the Eleventh Circuit elides issues all the time by saying, we don't need to decide the question of whether or not a judgment is a requirement, because if it is, there is one here. Certainly, that would satisfy our... But if we were to decide that there is no requirement of a judgment, we would then be in conflict with the Tenth Circuit, would we not? I think that's the case, Your Honor. I don't believe our appeal requires this court to decide whether a judgment is required for a Rule 54 motion. You're correct. Well, do you, I mean, do you read XLR as saying that the Tenth Circuit believes that a judgment is required for 54 purposes? I don't, I didn't read that from, from XLR. What I read... How did they, having said that it was, and then having proceeded to the merits, how could they have got to the merits? I think that court, the Tenth Circuit decided that a stipulated dismissal is a judgment. And so the question of whether a judgment is required or not... Opinion says, states it says it's a requirement. Okay. Right? In the XLR opinion? Yeah, I mean, I can read it to you if you want me to read it. It says in it. Well, I take your word for it, Your Honor. Yeah. I don't believe that this court must decide that a judgment is required to file a Rule 54 motion. Whether it's required or not, it's sufficient. And so if... Being on a kind of, sort of a common man in the street definition of judgment, not a legal definition of a judgment. That's correct. And I, you know, we make, I make judgments every day in my family life. The judgment decides something, right? It's a, it's a resolution of the action. I believe that that's a, an adequate definition of judgment for purposes of Rule 54. Yes. So if we were to decide that your motion was sufficient on its grounds, the motion's got some federal parts and some state parts. Correct. And as to your state law claim for prevailing party, the other side comes in and argues, well, there are lots of bits and pieces of Oregon law that you haven't taken account of. And then when we take account of the whole picture, we'll see that, um, that your argument fails as a prevailing party under Oregon law on your contract claim. But it didn't file a reply brief, so I didn't quite know what... I'm a little confused in my own mind about exactly what Oregon law is with regard to prevailing party for the state law claim. Well, Your Honor, I can give you my understanding, but first let me say that the prevailing party issue was not appealed. And that is why we didn't address it in detail in our briefing. The only issue that was appealed is whether a stipulated dismissal is sufficient. Right, but the other side says in response to your appeal, you say the district court has to really only the contract claim. That's the only live claim because all the others, the judge said, even if I could reach it, I wouldn't give it. Yes. So just the contract claim. The judge says, I would find prevailing party, but I can't because there's this 54D problem. And you appeal and say, there really isn't a 54D problem. And the other side comes back and says, first, yes, there is. But in any event, you really are not a prevailing party and they're entitled to do that. Yes. And they note aspects that they make interesting criticisms of the district judge's ruling that you are a prevailing party, including by pointing to Oregon statutory provisions, including by pointing out the oddity of relying on the state court procedural rule 54. The oddity because prevailing party status for a state law claim is a matter of state law, which would suggest it's a matter of state substantive law. Indeed, Exlear says it is a matter of state substantive law. And the rules of the Oregon state courts, whatever else they are about rule 54D, would not meaningfully be part of Oregon substantive law. Why shouldn't, if we agree with you about 54D, we remand the question for reconsideration of whether you actually are a prevailing party under the relevant Oregon law, which hasn't really, you didn't file a reply brief to respond to the other side's criticism of the district court on that point. Your Honor, my belief is that the district court did reach substantive state contract law to decide that prevailing party question. And under the substantive law of Oregon, a dismissed party to a contract claim, even without prejudice, is a prevailing party. And that is what the district court held. If the court remands that question, I believe that's what the district court will find again. But I believe the court found that already. I don't believe it matters. And that's as a matter of decisional law? Yes, I believe that's the case. I remember that from the briefs. Well, it's what he said, but it certainly wasn't necessary to his conclusion because he's found it wasn't possible for him to award those fees. Yes, the court on page 414 of the opinion in order. Citing Attaway against Safer, is that it? Correct. Cited Attaway v. Safer for the conclusion that a dismissed. It's a state court case relying on Oregon procedural rule 54A3, which can't possibly govern the answer to the substantive attorney's fees question under Oregon law. That is substantive, which is to say that would apply in a federal court diversity or other action. Your Honor, that case stands for the proposition that a dismissed defendant to a contract claim is a prevailing party. As to whether the prevailing party is entitled to fees, that question is also reached by the court, which concluded that if the contract has a fee shifting provision, then the prevailing party is always entitled to fees. And in this case, the contract did have a fee shifting provision. And that is why the court concluded that the defendant would be entitled to fees other than this Microsoft v. Baker problem. So the fees here aren't based upon any kind of underlying state substantive law about who is a prevailing party and the like. It's based specifically on the fee shifting provision in the contract. Substantively correct. Substantively. Yes. You are well into your rebuttal time. I'll reserve that. Thank you very much. Bruce Kazer here for Keith Manufacturing. If the panel has no questions, I'll stand on our briefs. Even if you're going to lose on what you said in your briefs? I'm sorry, sir. Even if you're going to lose on what you said in your briefs? We'll stand on what we have to say on our briefs, Your Honor. Thank you. Not much to rebut. Not much to rebut. Does the panel have any further questions for the appellant? I have one, if you don't mind. I noted in the district court decision, it said he didn't pass on the actual proof of the fees. And if he was going to work on me, he'd have to look at that. So at least we'd have to send that back. That's correct, Your Honor. We didn't submit a detailed bill of costs because we were denied the fees. Okay, thank you. Thank you. The case is submitted. Closed the argument. All rise. Your Honorable Court is adjourned until tomorrow morning at 3 o'clock a.m.